# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

MICHELLE PATEAN-VILLA,

    Plaintiff,

v.

TARGET CORPORATION, et al.,

    Defendants.

No. CV 17-2326-RGK (PLAx)

**MEMORANDUM AND ORDER RE: PARTIES' PROPOSED STIPULATED PROTECTIVE ORDER**

    The Court has received and considered the parties' proposed Stipulated Protective Order ("Protective Order"). The Court is unable to adopt the Protective Order as stipulated to by the parties for the followings reasons:

    First, the parties should not include any language in the Protective Order that obligates the Court or its personnel to act in a certain manner or limit its actions in relation to the confidential documents. (See, e.g., page 2, at ¶ 4; page 4, at ¶ 10).

    Second, if confidential material is included in any papers to be filed in Court, such papers shall be accompanied by an application to file the papers -- or the confidential portion thereof -- under seal; the application must demonstrate good cause for the under seal filing. (See pages 3-4, at ¶ 9). The application shall be directed to the judge to whom the papers are directed. Pending the ruling on the application, the papers or portions thereof subject to the sealing application shall be lodged under seal.

Third, any challenge to a designation of confidentiality must be brought consistent with the District Judge's scheduling order. In the event of a dispute regarding the designation of confidential information, the procedure for obtaining a decision from the Court is that set forth in Local Rule 37. (See page 4, at ¶ 12). If the parties want to file the Joint Stipulation required by Local Rule 37 under seal, the parties may file a stipulation to that effect or the moving party may file an ex parte application making the appropriate request. The parties must set forth good cause in the stipulation or ex parte application as to why the Joint Stipulation or portions thereof should be filed under seal.

Fourth, once a case proceeds to trial, all of the court-filed information that is to be introduced and was previously designated as confidential and/or kept and maintained pursuant to the terms of a protective order becomes public and will be presumptively available to all members of the public, including the press, unless compelling reasons supported by specific factual findings to proceed otherwise are made to the district judge in advance of the trial. See, e.g., Hagestad v. Tragesser, 49 F.3d 1430, 1434 (9th Cir. 1995); San Jose Mercury News, Inc. v. U.S. District Court - Northern District, 187 F.3d 1096, 1102 (9th Cir. 1999); Kamakana v. City and County of Honolulu, 447 F.3d 1172, 1180-81 (9th Cir. 2006) (distinguishing "good cause" showing for sealing documents produced in discovery and attached to non-dispositive motions from "compelling reasons" standard when merits-related documents are part of the judicial record). The Court will not enter a protective order that extends beyond the commencement of trial.

Finally, the Court may only enter a protective order upon a showing of good cause. Phillips v. G.M. Corp., 307 F.3d 1206, 1209 (9th Cir. 2002) (Rule 26(c) requires a showing of "good cause" for a protective order); Makar-Wellbon v. Sony Electronics, Inc., 187 F.R.D. 576, 577 (E.D.Wis. 1999) (even stipulated protective orders require good cause showing). The parties' stipulation fails to include sufficient statements to demonstrate good cause for issuing the protective order. In any revised stipulated protective order submitted to the Court, the parties must include a statement

demonstrating good cause for entry of a protective order pertaining to the documents or information described in the order. The paragraph containing the statement of good cause should be preceded by a heading stating: "GOOD CAUSE STATEMENT."

DATED: June 1, 2017

PAUL L. ABRAMS
UNITED STATES MAGISTRATE JUDGE